AARON WHITE and EDWARD WHITE, appellants, *v.* ALEXANDER MARTIN, appellee.

*Appeal from Hancock.*

Where the Court, being about to adjourn for the day, directed a jury, if they should agree, to seal up their verdict and deliver it to the clerk, and then disperse ; and the jury, shortly after the Court adjourned, sealed up a piece of paper upon

White *et al. v.* Martin.

which was written that they could not agree, and handed it to the clerk, and dispersed : *Held,* that their conduct was a gross violation of their duty.

In the same case the jury were called in the morning, and the parties asked whether they had any objection to their returning again to find a verdict. The plaintiff said he had not, but the defendants said they were willing they should be discharged, as they were the best judges whether they could agree or not. The Court directed the jury to retire, and they found a verdict for the plaintiff : *Held,* that the proceedings were irregular, on account of the misconduct of the jury, and that the judgment must be reversed, and the cause remanded.

THIS cause was heard in the Court below at the September term, 1839, before the Hon. Peter Lott. Judgment was rendered for the plaintiff, and the defendants appealed to this Court.

CYRUS WALKER, for the appellant.

A. WILLIAMS, for the appellee.

BROWNE, Justice, delivered the opinion of the Court : (1)

This was an action of *assumpsit* brought in the Circuit Court of Hancock county, by Alexander Martin against Aaron and Edward White. Issue was joined between the parties, and the cause submitted to the jury. The Court directed the jury, in case of agreement, to seal up their verdict, deliver it to the clerk, and disperse, and then adjourned Court till next morning. The jury, after the Court adjourned, delivered a sealed paper to the clerk, and dispersed. The paper, when opened the next morning, stated that the jury could not agree. The Court called the jury, asked the parties if they had any objection to the jury's retiring again to find a verdict. The plaintiff consented. The defendants said they were willing the jury should be discharged, as they were the best judges whether they could agree or not. The Court directed the jury to retire to consider of their verdict. Subsequently the jury returned a verdict for the plaintiff. The defendants moved to set aside the verdict, on the ground that the jury had misbehaved in dispersing ; but the Court overruled the motion and the defendants excepted. The Court erred in refusing to set aside the verdict of the jury.

The parties in the suit agreed that the jury should seal up their verdict and hand it to the clerk ; but instead of pursuing that course, they sealed up a paper which stated that they could not agree, and delivered it to the clerk, and then dispersed. This was a gross violation of their duty as jurors. Such conduct can receive no countenance from this Court. Its inevitable tendency is to destroy the purity of trial by jury. For these reasons the judgment of the Circuit Court of Hancock County is reversed with costs, and the cause remanded, and a *venire de novo* awarded.

*Judgment reversed.*

(1) Wilson, Chief Justice, dissented from the opinion of the Court in this case, on the ground that there was a waiver of the right to except to the conduct of the jury, by not making the objection when the irregularity occurred.